**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 20 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MELVIN McCABE, | No. 18-35462 |
| Plaintiff-Appellant, | D.C. No. 1:17-cv-00458-DCN |
| v. | |
| THE IDAHO STATE BOARD OF CORRECTION; IDAHO CORRECTIONAL INDUSTRY VOCATIONAL WORK PROJECTS, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Idaho
David C. Nye, District Judge, Presiding

Submitted December 17, 2018**

Before: WALLACE, SILVERMAN, and McKEOWN, Circuit Judges.

Idaho state prisoner Melvin McCabe appeals pro se from the district court's

judgment dismissing his action alleging claims under the Americans with

Disabilities Act ("ADA") and the Rehabilitation Act ("RA"). We have jurisdiction

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

under 28 U.S.C. § 1291. We review de novo. *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii)); *Wilhelm v. Rotman*, 680 F.3d 1113, 1118 (9th Cir. 2012) (dismissal under 28 U.S.C. § 1915A). We vacate and remand.

The district court dismissed McCabe's action after finding that McCabe's allegations regarding defendants' discriminatory motive were insufficient to state a plausible claim. However, McCabe alleged that defendants excluded him from certain higher paying work placements on the basis of his bottom bunk assignment and that, on information and belief, defendants have developed a discriminatory "placement matrix" that favors non-disabled inmates. The generalized statements regarding placement decisions, contained in the grievance form attached to the first amended complaint, do not render implausible McCabe's claims concerning his specific placement requests. Liberally construed, McCabe's allegations "are sufficient to warrant ordering [defendants] to file an answer." *Wilhelm*, 680 F.3d at 1116; *O'Guinn v. Lovelock Corr. Ctr.*, 502 F.3d 1056, 1060 (9th Cir. 2007) (setting forth elements of claims under Title II of the ADA and the RA).

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**VACATED and REMANDED.**